UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PATTI STEVENS-RUCKER, Administrator**
of the Estate of Jason White, Deceased

    **Plaintiff,**

    v.

    Case No.: 2:14–CV–2319
    **JUDGE SMITH**
    **Magistrate Judge Deavers**

**CITY OF COLUMBUS,** *et al.*,

    **Defendants.**

## ORDER

This matter is before the Court upon Plaintiff's Motion for Entry of Final Judgment under Rule 54(b) of the Federal Rules of Civil Procedure (Doc. 103). Defendant responded in support of Plaintiff's Motion while also asking the Court to enter final judgment on Plaintiff's municipal liability claims dismissed by the Court (Doc. 105). The Motion is now ripe for review. For the following reasons, Plaintiff's Motion is **GRANTED**.

## I.    BACKGROUND

On March 16, 2017, this Court entered an Opinion and Order granting in part and denying in part Defendants' Motion for Summary Judgment. As a reminder, the Court granted summary judgment on the following claims:

- Plaintiff's § 1983 excessive force claim against Defendant Frenz because Frenz was entitled to qualified immunity. (Doc. 100, Op. and Order at 24);

- Plaintiff's Ohio law assault, battery and wrongful death claims against Defendant Frenz arising out of his use of force because Frenz was immune under state law. (*Id*. at 39);

- Plaintiff's § 1983 excessive force claim against Defendant McKee for McKee's first and second shootings because McKee was entitled to qualified immunity. (*Id*. at 27, 29);

- Plaintiff's Ohio law assault and battery claims against Defendant McKee arising from his first and second shootings because McKee was immune under state law. (*Id*. at 39);

- Plaintiff's § 1983 municipal liability claims against Columbus for the alleged constitutional violations arising out of Frenz's shooting and McKee's first and second shootings. (*Id.*);

- Plaintiff's § 1983 municipal liability claims against Columbus for the alleged constitutional violations arising out of Frenz and McKee's alleged deliberate indifference to White's medical needs. (*Id.* at 38);

- Plaintiff's state law claims against Columbus because Columbus is immune. (*Id.* at 40).

The Court denied summary judgment on the following claims:

- Plaintiff's § 1983 excessive force claim against Defendant McKee for McKee's third shooting. (*Id.* at 31);

- Plaintiff's § 1983 deliberate indifference claims against Defendants McKee and Frenz. (*Id.* at 36);

- Plaintiff's Ohio law assault, battery, and wrongful death claims against Defendant McKee arising from McKee's third shooting and McKee's alleged deliberate indifference. (*Id.* at 39);

- Plaintiff's Ohio law assault, battery, and wrongful death claims against Defendant Frenz arising from Frenz's alleged deliberate indifference. (*Id.*);

- Plaintiff's § 1983 municipal liability claim against Columbus arising out of McKee's third shooting. (*Id.* at 38)

## II. ANALYSIS

Rule 54(b) of the Federal Rules of Civil Procedure "allows a district court to enter a final judgment 'on one or more claims, or as to one or more parties, in a multi-claim/multi-party action.'" *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 429–30 (6th Cir. 2008) (quoting Fed. R. Civ. P. 54(b)). "The rule attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60 (6th Cir. 1986). In determining whether a 54(b) ruling is justified, the Court must consider five factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like."

*Pittman*, 282 F. App'x at 430 (quoting *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986)).

In this case, the fourth factor is not relevant but the others all weigh in favor of designating some of the Court's findings as final judgments in this case. In the Opinion and Order, this Court granted summary judgment in favor of Defendants on all of the claims which arose from Frenz's shooting and from Officer McKee's first and second shootings. The Court granted summary judgment on the federal claims and state law claims against both officers and the city for the operative facts for those shootings. All of the claims in this case depend on the same set of operative facts, qualified immunity analyses, and the constitutional rights of a fleeing and later subdued suspect.

As to the second factor, while the parties are litigating the appeal of the Court's denials of qualified immunity, the Court is unlikely to make any ruling which would moot the need for review of the Opinion and Order as the triable issues left in this case are already subject to the interlocutory appeal. For the third factor, there is little doubt that Plaintiff would appeal this Court's rulings at the close of this case and the Court of Appeals would again consider whether this Court made proper rulings regarding the application of qualified immunity and whether the officers violated Jason White's constitutional rights. For the miscellaneous factors, finalizing the issues on which the Court granted summary judgment would allow the parties to consolidate the

appeal to consider each of the uses of force, thereby reducing the time this case will spend on appeal and reducing the costs to both parties.

This case shares numerous similarities with *Mott v. Lucas*, in which the District Court for the Northern District of Ohio granted 54(b) judgment where some claims and parties were denied qualified immunity but others were granted immunity. No. 1:10-cv-0164, 2011 WL 3705131, at *3 (N.D. Ohio Aug. 23, 2011). The court reasoned that since the denials of qualified immunity were already subject to an interlocutory appeal, waiting to appeal grants of immunity would cause needless delay and a duplication of effort for the Court of Appeals. *Id.* Similarly, all of the issues in this case that could be tried are currently before the Court of Appeals and the remaining claims have been adjudicated via dismissal upon summary judgment. For all of the above reasons, the Court finds that each grant of summary judgment in favor of Defendants should be considered a final ruling under 54(b) and there is no just reason for delay in Plaintiff's pursuit of appeal on those issues.

### III. CONCLUSION

In accordance with the above discussion, the Clerk shall enter final judgment in favor of Defendants on the following claims:

- Plaintiff's § 1983 excessive force claim against Defendant Frenz. (Doc. 100, Op. and Order at 24);

- Plaintiff's Ohio law assault, battery and wrongful death claims against Defendant Frenz arising out of his use of force. (*Id.* at 39);

- Plaintiff's § 1983 excessive force claim against Defendant McKee for McKee's first and second shootings. (*Id.* at 27, 29);

- Plaintiff's Ohio law assault and battery claims against Defendant McKee arising from his first and second shootings because McKee was immune under state law. (*Id.* at 39);

- Plaintiff's § 1983 municipal liability claims against Columbus for the alleged constitutional violations arising out of Frenz's shooting and McKee's first and second shootings. (*Id.*);

4

- Plaintiff's § 1983 municipal liability claims against Columbus for the alleged constitutional violations arising out of Frenz and McKee's alleged deliberate indifference to White's medical needs. (*Id.* at 38);

- Plaintiff's state law claims against Columbus. (*Id.* at 40).

The Clerk shall **REMOVE** Document 103 from the Court's pending motions list.

**IT IS SO ORDERED.**

                                        **/s/ George C. Smith**
                                        **GEORGE C. SMITH, JUDGE**
                                        **UNITED STATES DISTRICT COURT**